# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

HUGH A. JEFFREYS                                                                         PLAINTIFF

V.                                                           CAUSE NO.: 2:08-cv-209-SA-SAA

DEBRA WEST                                                                               DEFENDANT

## MEMORANDUM OPINION

This cause comes before this Court upon Defendant's Motion to Dismiss on the grounds that the Plaintiff's cause of action is barred by the applicable statute of limitations. The Court, having considered the same, grants the motion.

*A. Factual Background*

The Plaintiff and Defendant were involved in a motor vehicle accident on April 25, 2005. The Plaintiff filed his Complaint in the Circuit Court of Desoto County, Mississippi, on April 25, 2008, seeking damages for personal injuries sustained in the motor vehicle accident as a result of the negligence of the Defendant. Defendant later removed to this court on September 30, 2008. On October 17, 2008, Defendant filed her Motion to Dismiss on the grounds that the Plaintiff's Complaint fails to state a claim, alleging that the action is barred by the applicable statute of limitations since the Plaintiff failed to serve her with process within the one hundred and twenty day time period mandated by Rule 4(h) of the Mississippi Rules of Civil Procedure.

*B. Standard of Review*

When reviewing a motion to dismiss under Rule 12(b)(6), this court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007). The plaintiff's factual allegations must be enough to "raise a right of relief above the speculative level," upon the assumption that all the

allegations in the complaint are true. Id. If "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief," dismissal is granted. Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). The Court will not accept mere conclusory allegations in the Complaint as true. Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

*C. Discussion*

A plaintiff is required to serve a defendant with process within one hundred and twenty days after the complaint is filed. MISS. R. CIV. P. 4(h); FED. R. CIV. P. 4(m). If the plaintiff shows good cause for its failure to serve the defendant, the Court must extend the time for service, but if the plaintiff does not show good cause for its failure to serve the defendant within the one hundred twenty day period, the Court shall dismiss the action without prejudice. Id. In the present case, the record currently before the Court does not show that process has been served on the Defendant, and it has been well over one hundred and twenty days since the Complaint was filed. Plaintiff has neither filed a motion for an extension of time with this Court nor shown good cause for his failure to properly serve the Defendant.[1]

The applicable statute of limitations for the causes of action alleged by the Plaintiff is three years from the date such causes of action accrued. Miss. Code Ann. § 15-1-49(1). The statute further states that if the alleged injury is a latent injury, the cause of action does not accrue until an injured party discovers, or by reasonable diligence should have discovered, the injury. Miss. Code Ann. § 15-1-49(2). However, the "discovery rule" does not apply in

---

[1] The court notes that the Plaintiff filed for an extension of time for service of process with the state court from which this matter was removed, claiming that Plaintiff's counsel's secretary was responsible for the failure to serve the Defendant. Even if such a motion had been filed with this court, it likely would not have constituted good cause. "To establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel… usually does not suffice." LeBlanc v. Allstate Ins. Co., 809 So. 2d 674, 677 (Miss. 2002). The same standard is applied to actions by counsel's support staff. Shelton v. Lift, Inc., 967 So. 2d 1254, 1256 (Miss. Ct. App. 2007).

situations such as this one, where a plaintiff makes no claim that the injury sustained was latent. Pickens v. Donaldson, et al., 748 So. 2d 684, 690 (Miss. 1999). Therefore, the cause of action accrued on the date of injury, April 25, 2005, and the statute of limitations began to run on the same date. The filing of the Complaint tolls the statute of limitations for the one hundred and twenty day period allowed by Mississippi Rule of Civil Procedure 4(h) for service of process. Owens v. Mai, 891 So. 2d 220, 223 (Miss. 2005). If service of process is not effected within the one hundred and twenty days, the statute of limitations starts to run again. Id.

In the present case, the cause of action accrued on April 25, 2005. The Plaintiff filed his Complaint on April 25, 2008, tolling the statute of limitations, which would have expired on April 26, 2008. The filing of the Complaint tolled the statute of limitations for the one hundred and twenty days allowed for service of process, and the statute began running again once the one hundred and twenty day period ended on August 23, 2008. The statute of limitations expired one day later, on August 24, 2008, since there was only one day left in the three year period. As such, the Plaintiff's claims are barred by the applicable statute of limitations, and this action is dismissed with prejudice.

A separate order in accordance with this opinion will issue this the 29th day of January, 2009.

                                              **/s/ Sharion Aycock**_____
                                              **U.S. DISTRICT COURT JUDGE**